█ In the Matter of the REPORT OF THE MAY 1980 GRAND JURY OF THE SUPREME COURT OF MONTGOMERY COUNTY. HOWARD M. AISON, as District Attorney of the County of Montgomery, Appellant; ONE PUBLIC OFFICIAL NAMED IN THE ABOVE-ENTITLED REPORT, Respondent. — Appeal from an order of the Supreme Court (Crangle, J.), entered August 3, 1981 in Montgomery County, which forever sealed the report of the May 1980 Montgomery County Grand Jury. The May 1980 Montgomery County Grand Jury conducted an investigation of the activities of the Town of St. Johnsville Highway Department, and on March 19, 1981 the Grand Jury submitted to the court its report on the matter. The Grand Jury found no evidence of indictable offenses, but it did find evidence that a certain named official was guilty of misconduct, nonfeasance or neglect in public office. Accordingly, pursuant to CPL 190.85 (subd 1, par [a]), the Grand Jury recommended that the named official be removed or disciplined. The court ordered that the report be sealed, pursuant to CPL 190.85 (subd 5), upon the ground that the report describes conduct of named individuals who are not public servants as well as that of the named public official, that the report was based on insufficient evidence and procedural irregularities, and that the report contains conclusions unrelated to any enumerated violations of statutory or regulatory guidelines. This appeal ensued. We hold that there must be a reversal. The conduct of the named individuals who were not public servants was reported in connection with the conduct of the named public official, and the identity of those persons can be protected by redacting their names. Accordingly, the report should not be sealed on this ground. Next, the record reveals that the findings of the Grand Jury are supported by the preponderance of the credible and legally admissible evidence, as required by CPL 190.85 (subd 2, par [a]). The record also reveals

that neither the Grand Jury's investigation nor its report is affected by procedural irregularities. Specifically, the instructions given the Grand Jury by the District Attorney were adequate, and the report is clearly the report of the May 1980 Grand Jury of the Supreme Court of Montgomery County. Finally, the Grand Jury's findings relate to numerous instances where town equipment, material and manpower were used not for town purposes, but rather for the benefit of the named public official in his private capacity or for the benefit of other private individuals. These findings clearly provide a basis for the Grand Jury's conclusion of misconduct, nonfeasance or neglect on the part of the named public official. The report should be accepted for filing as a public document, with the names of those individuals who are not public servants redacted therefrom. Order reversed, on the law, and matter remitted to the Supreme Court, Montgomery County, for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.